ANTONIO STEPHENSON

v.

COMMONWEALTH OF VIRGINIA

No. 1519-92-1

Decided April 19, 1994

248

COUNSEL

Willard M. Robinson, Jr. (Hall, Fox, Atlee and Robinson, P.C., on brief), for appellant.

Richard B. Smith, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

BAKER, J.—In this appeal from his bench trial conviction by the Circuit Court of the City of Newport News (trial court) for possession of cocaine with intent to distribute, Antonio Stephenson (appellant) contends that the trial court erred (1) when it refused to compel the Commonwealth to reveal the name of the person who gave the police information that led to appellant's arrest, and (2) when it thereafter failed to suppress evidence obtained in the warrantless search of appellant and his automobile. Finding no error, we affirm the judgment of the trial court.

█ Upon familiar principles, we view the evidence in the light most favorable to the Commonwealth as the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. *Martin v. Commonwealth*, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

On April 9, 1991, Newport News Police Sergeant C.J. Bowen received a call at police headquarters from a citizen who lived in the 700 block of 32nd Street in that city. The citizen had previously complained that two black males had been "selling" in the areas of the 600 and 700 blocks of 32nd Street near the citizen's house. Bowen advised the citizen to call him when the subjects returned and some "activity" began. On this occasion, the citizen apprised Bowen that "a black male wearing a white T-shirt, blue jeans, and a brown hat was in the area selling cocaine and . . . that this individual had cocaine on his person for sale and also was keeping cocaine in a vehicle, which was parked on the 600 block of 32nd Street, . . . described as a two-door Datsun, grey in color with a license plate OVB-189."

The citizen was not paid to supply such information and was not connected with the police, although the citizen had previously provided the police with similar information that proved to be

accurate.

Bowen and three other police officers proceeded by police vehicle to the described area, arriving in the dark at approximately 9:30 p.m. When they neared "the vicinity of Madison and 32nd" and pursuant to a suggestion by the citizen, Bowen contacted the citizen by cellular telephone and disclosed their location on Madison. The citizen told Bowen that the subjects had just left the 700 block and walked to the 600 block and that when Bowen turned from Madison onto the 600 block, the subjects would "be right in front of his car."

Upon hanging up his cellular phone, Bowen turned his vehicle onto the 600 block, and his headlights shone directly on two subjects, one being appellant. Appellant's companion immediately ran from the scene. The description Bowen had been given matched that of appellant. Detective Cole approached appellant while Bowen and the other officers chased appellant's companion. Cole told appellant why the police were there and that he intended to search him. Cole then grabbed appellant by the arm. Shortly thereafter, appellant hit Cole in the eye and "tried to get into his [appellant's] right front pants pocket." A fight between Cole and appellant ensued. During the struggle, the other officers returned. Appellant was subdued, handcuffed, placed under arrest for assault and searched. A bag containing .46 grams of cocaine was found in appellant's right front pants pocket.

Because the police had information that appellant had narcotics in his car, they used the keys found on appellant's person to open and search a nearby car that matched the description given by the citizen. On the back floorboard, they found four bags containing 3.86 grams of cocaine. Appellant's driver's license was lying beside the bags. This appeal emanates from appellant's conviction for possession of cocaine with intent to distribute.

Prior to trial, appellant sought to discover the identity of the citizen who apprised the police of alleged unlawful narcotics activity in the 600 and 700 blocks of 32nd Street. Appellant argues that because the citizen may have seen the activities at the time and place of appellant's arrest, the citizen may have provided testimony that could exculpate him of the drug charges. When appellant attempted to show by Bowen that the citizen may have observed the arrest events, Bowen testified that the citizen was

"well over one city block away from the area where the arrest took place," and that he could not say that at the time Cole confronted and arrested appellant the citizen was in a position to view the confrontation and arrest.

At the conclusion of the hearing on the motion to disclose the citizen's name, the trial court announced that the Commonwealth must either produce the citizen for an *in camera* proceeding or dismiss the destruction of private property and assault and battery charges. At that time, no specific finding was made relative to the felony. The Commonwealth declined to produce the citizen and elected to have the misdemeanor charges dismissed. When the Commonwealth advised the trial court that it would proceed only on the felony charge, the trial court denied appellant's motion for disclosure of the citizen's name.

In *Lanier v. Commonwealth*, 10 Va. App. 541, 550, 394 S.E.2d 495, 501 (1990), we noted that, as early as 1884, in *Vogel v. Gruaz*, 110 U.S. 311, 315-16 (1884), the Supreme Court of the United States endorsed the rule that the identity of a person furnishing the prosecution with information concerning criminal activities is privileged. *See also Gray v. Commonwealth*, 233 Va. 313, 328, 356 S.E.2d 157, 165, *cert. denied*, 484 U.S. 873 (1987). Appellant acknowledges that the rule is well established but argues that the rule has been modified by *Roviaro v. United States*, 353 U.S. 53 (1957). Appellant further asserts that *Roviaro* requires us to reverse the trial court's refusal to order either an *in camera* proceeding, disclosure or dismissal of the drug charge if the Commonwealth refuses to reveal the citizen's name.

█ In reviewing motions made in criminal cases concerning disclosure of the identity of persons who supply government agents with information that leads to a defendant's arrest, courts have classified those persons as either "tipsters" or "informants." Generally, "tipsters" have been held to be persons who are not employed by or connected with the law enforcement agency, who do not participate in the transaction that leads to the arrest and who could not give information helpful to the preparation of the accused's defense. *See Gray*, 233 Va. at 328-29, 356 S.E.2d at 165-66; *McCray v. Illinois*, 386 U.S. 300, 305-09 (1967). An "informant" is usually a person who participates in the transaction that results in the arrest and who the record shows probably could relate testimony helpful to the defense. *See Roviaro*, 353 U.S. at 61.

When disclosure motions are made, the record must support the government's claim that the person providing information could not provide information helpful to the defense. When the accused moves the court to disregard the established privilege rule and order disclosure of the informer's identity, he or she "must come forward with something more than speculation as to the usefulness of such disclosure." *United States v. Smith*, 780 F.2d 1102, 1108 (4th Cir. 1985); *United States v. Grisham*, 748 F.2d 460, 463-64 (8th Cir. 1984); *United States v. Pantohan*, 602 F.2d 855, 858 (9th Cir. 1979); *United States v. Skeens*, 449 F.2d 1066, 1070 (D.C. Cir. 1971); *see also United States v. Diaz*, 655 F.2d 580, 588 (5th Cir. 1981), *cert. denied*, 455 U.S. 910 (1982).

The record in *Roviaro* disclosed that the informer was an undercover employee who was the sole participant together with the accused in the criminal transaction charged. The informer was the only witness in a position to amplify or contradict testimony of the government witnesses. A government witness testified at Roviaro's trial that at police headquarters the accused was confronted with the informer, who denied that he knew or had ever seen the accused. Pursuant to those facts, the Court held that the prosecution was required to disclose the informer's name or dismiss the charge. *Roviaro*, 353 U.S. at 65. The *Roviaro* decision is not controlling here.

Subsequent to *Roviaro*, in a case factually more similar to the one before us, the United States Supreme Court held that disclosure was not required. In *McCray*, Officer Jackson, the arresting officer, was told by a reliable informer that the accused, who was known to Jackson, "was selling narcotics and had narcotics on his person and that he could be found in the vicinity of 47th and Calumet at this particular time." 386 U.S. at 302. Jackson and other officers met the informant at that vicinity. When the officers came in sight of the accused, the informer identified him and then left the area. After the officers observed the accused meet briefly, first with a woman and then with another man, the accused hurriedly walked away alone after sighting the officers. Jackson and the other officers then confronted McCray. The officers told McCray that they had received information concerning his illegal activity, placed him in a police car and then searched him. Heroin was discovered on McCray's person in a cigarette package.

The Supreme Court affirmed the judgment of the District Court denying a motion to disclose the informant's name. In his review of *Roviaro*, Justice Stewart noted that "[w]hat *Roviaro* makes clear is that [the Supreme] Court was unwilling to impose any absolute rule requiring disclosure of an informant's identity." *Id.* at 311. Instead, both *Roviaro* and *McCray* held:

"We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."

*Id.* at 310 (quoting *Roviaro*, 353 U.S. at 62). Obviously, these decisions must be left to the sound discretion of the trial court, subject to a review by the appellate courts. *See Lanier*, 10 Va. App. at 552, 394 S.E.2d at 502.

In *Roviaro*, it is clear that the informer was physically engaged in the transaction that led to the arrest, whereas in *McCray*, although the informant had physically led the police to the scene of the crime and pointed to the accused, the Court held that this was not participation in the transaction which required disclosure. Although the citizen in the case before us guided the officers, by telephone, to appellant, he was no longer contributing to appellant's arrest after the phone was disconnected.

We hold that the record supports the trial court's finding that the citizen was a "tipster," not shown to be a witness to material and relevant events, and not an "informant." Moreover, the trial court did not abuse its discretion when it denied appellant's motion to disclose the name of the person who provided the police with information that led to appellant's arrest for possession of cocaine with intent to distribute. *See McCray*, 386 U.S. at 313-14; *Gray*, 233 Va. at 329, 356 S.E.2d at 165-66.

Appellant further asserts that evidence of the cocaine found on his person and in his car should be suppressed as products of an illegal search and seizure. A review of the facts in *McCray* de-

notes the similarity to those in the record of this case. McCray's motion to suppress was denied. Speaking for the majority, Justice Stewart said:

> There can be no doubt, upon the basis of the circumstances related by Officers Jackson and Arnold, that there was probable cause to sustain the arrest and incidental search in this case. . . . [E]ach of the officers in this case described with specificity "what the informer actually said, and why the officer thought the information was credible." The testimony of each of the officers informed the court of the "underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant was 'credible' or his information 'reliable.'" Upon the basis of those circumstances, along with the officers' personal observations of the petitioner, the court was fully justified in holding that at the time officers made the arrest "the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense."

*McCray*, 386 U.S. at 304 (citations omitted). For the reasons set forth in *Wright v. Commonwealth*, 222 Va. 188, 278 S.E.2d 849 (1981), and *McCray*, we disagree with appellant's assertion and find that the officers had probable cause to conduct the searches.

Accordingly, for the reasons stated, the judgment of the trial court is affirmed.

*Affirmed.*

Barrow, J., and Bray, J., concurred.