COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Bray and Bumgardner
Argued at Norfolk, Virginia


JAMES T. SYKES
                                        MEMORANDUM OPINION[*] BY
v.          Record No. 2125-97-1        JUDGE SAM W. COLEMAN III
                                             JULY 7, 1998
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                      Verbena M. Askew, Judge

          Edward I. Sarfan (Sarfan & Nachman, on
          brief), for appellant.

          Steven A. Witmer, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     James T. Sykes appeals his bench trial convictions for three

counts of possession of cocaine with intent to distribute.  See

Code § 18.2-248.  Specifically, he contends:  (1) the trial court

abused its discretion by trying him in his absence when he failed

to appear for the conclusion of his trial; (2) the trial court

erroneously refused to compel the Commonwealth to disclose the

identity of an informer; and (3) the evidence is insufficient as

a matter of law to support the convictions.  We disagree and

affirm the convictions.

                          I.  BACKGROUND

     The evidence proved that a reliable informer told City of

Newport News Police Detective Robert Vasquez that Sykes was

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

distributing crack cocaine from his home.  Vasquez and the informer went to Sykes' apartment.  Vasquez had instructed the informer to excuse himself to Sykes' bathroom upon arrival and to remain there while Vasquez purchased drugs from Sykes.

Sykes greeted Vasquez and the informer at the front door, and, as arranged, the informer excused himself to the bathroom.

Vasquez told Sykes he wanted to purchase an "eight ball," street lingo for a quantity of cocaine.  Sykes walked to an adjacent room and returned with several rocks of crack cocaine.  Sykes handed the cocaine to Vasquez in exchange for $170.  Vasquez and the informer then left.

At trial, Vasquez testified that he did not know whether the informer had come out of the bathroom during the drug transaction or heard the conversation with Sykes.  Vasquez also testified that on two occasions he returned to Sykes' residence and purchased crack cocaine from Sykes.  Sykes was charged with three counts of possession of cocaine with intent to distribute.

Sykes' trial began on April 18, 1996.  At the close of the Commonwealth's evidence, Sykes made a motion to strike the evidence.  The trial court ordered a continuance in order for counsel to submit legal memoranda regarding the motion to strike.  The court instructed defense counsel to "set [the conclusion of the trial] on another date in this Court."  On June 3, 1996, the court continued the matter generally with the direction that "the defendant's attorney is to set [a] trial date with the

Commonwealth['s] Attorney."  On July 17, 1996, Sykes failed to appear for the resumption of trial, and the case was continued to August 12, 1996.  On August 12, Sykes again failed to appear, and a capias was issued for his arrest.  Despite attempts to locate Sykes, the Commonwealth was unable to serve the capias.  On April 23, 1997, more than one year after the trial had commenced, the trial court completed the guilt phase of the trial in Sykes' absence.  The court found him guilty of three counts of possession of cocaine with intent to distribute.

## II.  RESUMING TRIAL IN APPELLANT'S ABSENCE

An accused's right to be present at trial arises from the Confrontation Clause of the Sixth Amendment and Code § 19.2-259.  Cruz v. Commonwealth, 24 Va. App. 454, 460, 482 S.E.2d 880, 883 (1997) (en banc); Hunter v. Commonwealth, 13 Va. App. 187, 190, 409 S.E.2d 483, 485 (1991).  However, a defendant's voluntary absence from trial may be properly construed as a waiver of his constitutional and statutory rights to be present at trial.  Id.  "[W]hen the trial court determines that a defendant has voluntarily and knowingly absconded from the jurisdiction after his trial has commenced, public policy dictates that a trial court, exercising its broad discretion, may proceed with the trial in the defendant's absence."  Barfield v. Commonwealth, 20 Va. App. 447, 453, 457 S.E.2d 786, 789 (1995).

In the present case, at the conclusion of the Commonwealth's evidence, the trial judge instructed the parties to coordinate a

date to complete the trial. Sykes failed to appear at the next three scheduled trial dates. The trial court issued a capias for Sykes' failure to appear, which capias remained outstanding for several months. To no avail, the Commonwealth searched for Sykes in an effort to serve the capias. More than one year after the Commonwealth presented its case, defense counsel offered no explanation to explain Sykes' absence and failure to appear for trial. Under the circumstances, the trial court reasonably could conclude that Sykes had absconded the jurisdiction and voluntarily waived his right to be present at the remainder of his trial.

Citing the Cruz holding, Sykes contends the trial court could not find that he voluntarily waived his right to be present at trial unless the court had previously warned him that he could be tried in his absence if he failed to appear. We disagree.

Sykes' argument ignores the dichotomy between the principles applicable to a defendant's failure to appear for the commencement of trial and the principles applicable when a defendant absents himself and fails to appear mid-trial. See Crosby v. United States, 506 U.S. 255, 260-61 (1993). Cruz, dealing with a defendant's absence at the commencement of trial, held that an accused's voluntary waiver of his right to be present for the "entire trial" cannot be shown unless, among other things, he has been warned that his trial may continue in his absence. 24 Va. App. at 463, 482 S.E.2d at 884 (emphasis

added). In <u>Taylor v. United States</u>, 414 U.S. 17 (1973), the United States Supreme Court expressly rejected the contention that a defendant who fails to appear in the middle of trial cannot be found to have voluntarily waived his right to be present unless it is demonstrated that he was warned that the trial will proceed in his absence. 414 U.S. at 20-21. The Court stated:

> It is wholly incredible to suggest that [the defendant], who was at liberty on bail, had attended the opening session of his trial, and had a duty to be present at trial . . . entertained any doubts about his right to be present at every stage of his trial. It seems equally incredible to us . . . that a defendant who flees from a courtroom in the midst of a trial -- where judge, jury, witnesses and lawyers are present and ready to continue -- would not know that as a consequence the trial could continue in his absence.

<u>Id.</u> at 21 (citations omitted).

Admittedly, the trial court in this instance interrupted the orderly progress of the trial by granting unduly lengthy, mid-trial continuances. Nonetheless, once trial has commenced, a party knows that the trial of the case is in progress and will be resumed at a reasonably foreseeable date. As the Court stated in <u>Taylor</u>, it is incredible for a defendant to think that he can absent himself mid-trial even when a mid-trial continuance was granted, and think that the case would not proceed in his absence. Thus, the trial court could properly find that Sykes voluntarily absented himself from the remainder of his trial

- 5 -

notwithstanding whether he was admonished that the trial could continue in his absence.

Accordingly, the trial court did not abuse its discretion in concluding the trial in Sykes' absence when he voluntarily absented himself from the proceedings for more than one year.

### III.  REFUSAL TO DISCLOSE IDENTITY OF INFORMER

As a general rule, "the identity of a person furnishing the prosecution with information concerning criminal activities is privileged."  Gray v. Commonwealth, 233 Va. 313, 328, 356 S.E.2d 157, 165 (1987).  In Roviaro v. United States, 353 U.S. 53 (1957),

> the Supreme Court established an exception to this general rule, . . . [holding] that "where the disclosure of an informer's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege [of nondisclosure] must give way."  The Court stated that "no fixed rule with respect to disclosure is justifiable" and explained that "[t]he problem is one that calls for balancing the public interest in protecting the flow of information [to the police] against the [accused's] right to prepare his defense."

Daniel v. Commonwealth, 15 Va. App. 736, 739-40, 427 S.E.2d 423, 425 (1993) (citations omitted).  The privilege is generally nullified where the informer "participates in the transaction . . . and . . . could relate testimony helpful to the defense."  Stephenson v. Commonwealth, 18 Va. App. 247, 250, 443 S.E.2d 173, 175 (1994).  However, "[t]he defendant must come forward with something more than speculation as to the usefulness of the

identity of the informer." Lanier v. Commonwealth, 10 Va. App. 541, 552-53, 394 S.E.2d 495, 502 (1990); see Stephenson, 18 Va. App. at 251, 443 S.E.2d at 175.

Here, Sykes failed to prove that the informer knew the facts of the alleged drug transaction or that the disclosure of the informer's identity would have been helpful to his defense or essential to a fair determination of the case. The uncontroverted evidence established that the informer was in the bathroom when the transaction occurred. Nothing in the record suggests that the informer participated in, observed, or instigated the drug transaction. Cf. Kenner v. Commonwealth, 8 Va. App. 208, 213, 380 S.E.2d 21, 24-25 (1989) (requiring disclosure of informer's identity where evidence established that informer was "actual participant and . . . witness" to offenses charged). Accordingly, the trial court did not err in refusing to disclose the identity of the informer.

## IV. SUFFICIENCY OF THE EVIDENCE

Sykes contends the evidence is insufficient to prove that he possessed cocaine with intent to distribute because the evidence proves that he actually distributed cocaine. His argument is disingenuous. The same act or acts may violate two or more statutes or constitute two or more crimes. Viewed in the light most favorable to the Commonwealth, see Derr v. Commonwealth, 242 Va. 413, 424, 410 S.E.2d 662, 668 (1991), the evidence proved that on three occasions, pursuant to Officer Vasquez's request to

purchase cocaine, Sykes handed cocaine to Vasquez in exchange for money.  This evidence supported the trial court's finding that Sykes actually possessed cocaine and intended to distribute it.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  That the evidence may have also proved that Sykes actually distributed cocaine is inapposite.  The decision to prosecute Sykes for possession of cocaine with intent to distribute rather than for distribution was a matter of prosecutorial discretion and is not reviewable by this Court.  See Mason v. Commonwealth, 217 Va. 321, 323-24, 228 S.E.2d 683, 684 (1976).

For the foregoing reasons, we affirm the convictions.

Affirmed.