COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, McClanahan and Senior Judge Bumgardner
Argued at Richmond, Virginia


LANFORD BEUNS

                                                    MEMORANDUM OPINION* BY
v.        Record No. 2927-06-1              JUDGE ELIZABETH A. McCLANAHAN
                                                         APRIL 29, 2008
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                              James A. Cales, Jr., Judge

            Joseph A. Sadighian, Senior Assistant Appellate Defender (Office
            of the Appellate Defender, on briefs), for appellant.

            Gregory W. Franklin, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Lanford Beuns appeals his conviction, upon a conditional guilty plea, for possession of

heroin with intent to distribute (Code § 18.2-248).  Appellant contends the trial court erred in

denying his motion to suppress evidence of the crime because the police lacked probable cause

to make a warrantless arrest, in violation of appellant's Fourth Amendment rights.  For the

following reasons, we affirm his conviction, subject to remand only for correction of a clerical

error.[1]

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] While the conviction order indicates that appellant entered his guilty plea to the drug
charge "pursuant to an agreement between the Commonwealth and the [appellant]," neither the
conviction order nor the sentencing order specifically states that appellant entered a conditional
guilty plea in order to preserve his right to appeal the trial court's denial of his motion to
suppress.  However, the Commonwealth represents to the Court, along with appellant, that
appellant entered his guilty plea while "preserving his right to appeal the suppression issue."
Thus, we remand the matter to the trial court for the sole purpose of correcting the clerical error
in the conviction and sentencing orders to specifically reflect that appellant's conviction was

BACKGROUND

On appeal, we review the evidence in the "light most favorable" to the Commonwealth. Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) (citations omitted). That principle requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Kelly v. Commonwealth, 41 Va. App. 250, 254, 584 S.E.2d 444, 446 (2003) (*en banc*) (internal quotation marks and citations omitted).

The Portsmouth police obtained a warrant to search the residence located at 2407 Columbus Avenue, and also the person of Charles Lowe. The warrant authorized a search for "cocaine, [and] any paraphernalia used in the use, distribution and/or packaging of illegal narcotics." The police obtained the warrant based upon information they received from a confidential informant. The informant had a record of providing reliable information to the police for almost two years and leading to the arrest of more than fifty people.

The police went to 2407 Columbus Avenue to execute the warrant on the same day they obtained it. Before the entry team approached the residence, Officer Glenn Smith spoke by telephone with the informant, who was in a concealed location where he could see the residence. The informant stated that a gold Honda Accord had stopped in front of the residence and backed into the driveway. The informant stated that Lowe, who was confined to a wheelchair, had been lifted into the front passenger seat of the vehicle. The informant further indicated that the driver of the vehicle was bringing a large quantity of heroin to Lowe. Smith, who was on his way to the residence, then radioed officers at the scene and told them to detain both Lowe and the driver of the vehicle, who was appellant.

_____

based on a conditional guilty plea. See Tatum v. Commonwealth, 17 Va. App. 585, 592, 440 S.E.2d 133, 138 (1994); see also Code § 8.01-428(B).

Officer B.C. Davis, one of the officers who had arrived at the scene, received the radio dispatch from Smith. Davis observed the gold Honda in front of the house, with Lowe and appellant inside. Davis approached the driver's side of the vehicle. He saw appellant in the driver's seat with a large stack of U.S. currency on his lap. Davis removed appellant from the vehicle, handcuffed him, and placed him on the ground. Officer Fitzgerald subsequently helped appellant to his feet, searched his pants pockets, and found two bags containing heroin.

Appellant was indicted for possession of heroin with the intent to distribute. Appellant moved to suppress the evidence seized from him, contending the police lacked probable cause to arrest and search him, in violation of the Fourth Amendment. The trial court concluded the arrest, followed by the search incident to the arrest, was lawfully executed, based on probable cause, and denied the motion. Appellant subsequently entered a conditional guilty plea as charged, preserving his right to appeal the ruling on his motion.

ANALYSIS

When we review a trial court's denial of a motion to suppress, "'[t]he burden is upon [the defendant] to show that the ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error.'" McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (*en banc*) (quoting Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980)). While we are bound to review *de novo* the ultimate questions of reasonable suspicion and probable cause, we "review findings of historical fact only for clear error[2] and . . . give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Ornelas v. United States, 517 U.S. 690, 699 (1996) (footnote added).

---

[2] "In Virginia, questions of fact are binding on appeal unless 'plainly wrong.'" McGee, 25 Va. App. at 198 n.1, 487 S.E.2d at 261 n.1 (quoting Quantum Div. Co. v. Luckett, 242 Va. 159, 161, 409 S.E.2d 121, 122 (1991)).

Appellant contends the police lacked probable cause to arrest and search him based on the informant's information. We disagree.

"'[P]robable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed.'" Jones v. Commonwealth, 18 Va. App. 229, 231, 443 S.E.2d 189, 190 (1994) (quoting Taylor v. Commonwealth, 222 Va. 816, 820, 284 S.E.2d 833, 836 (1981), cert. denied, 456 U.S. 906 (1982)). Probable cause "'as the very name implies, deals with probabilities.'" Slayton v. Commonwealth, 41 Va. App. 101, 105-06, 582 S.E.2d 448, 450 (2003) (quoting Derr v. Commonwealth, 242 Va. 413, 421, 410 S.E.2d 662, 666 (1991)). Probable cause does not "'demand any showing that such a belief be correct or more likely true than false.'" Id. at 106, 582 S.E.2d at 450 (quoting Texas v. Brown, 460 U.S. 730, 742 (1983)). Nor need the facts be sufficient to convict the accused of the offense. Id. at 107, 582 S.E.2d at 451.

An informant's tip may provide the police with probable cause to arrest and search. See Wright v. Commonwealth, 222 Va. 188, 191, 278 S.E.2d 849, 851 (1981); Stephenson v. Commonwealth, 18 Va. App. 247, 253, 443 S.E.2d 173, 176 (1994). When the basis for the probable cause determination rests upon a tip, the informant's credibility and basis of his knowledge are factors to be considered in the totality of circumstances analysis. See Illinois v. Gates, 462 U.S. 213, 233 (1983). Moreover, when officers corroborate seemingly innocent details of an informant's tip, it is reasonable to believe that the uncorroborated portion, that a defendant had drugs, was also correct. See Draper v. United States, 358 U.S. 307, 313 (1959).

"The reliability and basis of knowledge of an informant are not independent elements that must be proved in order to find probable cause." Byrd v. Commonwealth, 50 Va. App. 542,

551-52, 651 S.E.2d 414, 419 (2007) (citation and internal quotation marks omitted). Instead, as explained in Gates, "they are better understood as relevant considerations in the totality-of-the-circumstances analysis . . . [.] [A] deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." Gates, 462 U.S. at 233.

The confidential informant in this case had a proven record of reliability with the police. The informant observed appellant arrive at a residence and interact with Lowe. He advised the police that appellant had arrived to deliver a large quantity of heroin to Lowe. At the time, the police had a warrant to search both the home and Lowe for narcotics. Indeed, the magistrate had determined the informant sufficiently reliable that he found probable cause to issue the search warrant for drug dealing by Lowe at this very location. As the informant described, Davis observed the car in front of the residence and appellant and Lowe inside the vehicle. Davis then observed in plain view a large quantity of cash on appellant's lap.

Considered in their totality, these facts and circumstances were sufficient to provide the police with probable cause to arrest appellant for possessing narcotics, and the police were entitled to search him incident to that arrest. See United States v. Robinson, 414 U.S. 218, 224 (1973). Any lack of detail in the informant's stated basis of knowledge as to appellant's predicted criminal activity was compensated for by the informant's history of reliability, Officer Davis' own observations, and the probability of Lowe's criminal involvement, as established by the informant. Accordingly, the trial court did not err in denying the motion to suppress.

For these reasons, we affirm appellant's conviction, subject to remand only for correction of a clerical error.[3]

Affirmed.

---

[3] See *supra* footnote 1.