COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges O'Brien and Lorish
Argued by videoconference

MICHAEL LYNN STABLES

v.        Record No. 0799-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE MARY GRACE O'BRIEN
OCTOBER 3, 2023

FROM THE CIRCUIT COURT OF GILES COUNTY
H. Lee Harrell, Judge

Ryan D. Hamrick (Hamrick & Hamrick P.C., on briefs), for
appellant.

Rebecca M. Garcia, Assistant Attorney General (Jason S. Miyares,
Attorney General; Maureen E. Mshar, Assistant Attorney General,
on brief), for appellee.

Michael Lynn Stables (appellant) was convicted in a bench trial of possession with intent to

distribute a Schedule II narcotic, third or subsequent offense, in violation of Code § 18.2-248.

Appellant contends that the court erred in refusing to require disclosure of the identity of the

confidential informant who provided a tip that led to the search of appellant's residence.  For the

following reasons, we affirm.

BACKGROUND

"Under well-settled principles of appellate review, we consider the evidence presented at

trial in the light most favorable to the Commonwealth, the prevailing party below." *Vay v.

Commonwealth*, 67 Va. App. 236, 242 (2017) (quoting *Smallwood v. Commonwealth*, 278 Va. 625,

629 (2009)).  "This principle requires us to 'discard the evidence of the accused in conflict with that

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Id.* (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)).

In March 2015, appellant pled guilty to four counts of distributing a Schedule II narcotic. As part of his plea agreement, appellant waived "his rights against search and seizure under the [Fourth] Amendment of the United States Constitution, [and] Article I, Section 10 of the Constitution of Virginia" while he was on probation, and for the duration of his suspended sentence.[1] Appellant's waiver specifically allowed law enforcement "to search his person [and] residence . . . without first establishing probable cause or obtaining a search warrant."

In January 2021, Giles County Sheriff's Investigator Zach Collins went to appellant's home to "[p]erform[] a Fourth Amendment waiver search." Investigator Collins advised appellant that he was there to "search[] his person and his residence" and asked if "anything illegal [was] in the residence." Appellant responded, "There shouldn't be." Appellant did not object to the search because he "understood that he had waived his Fourth Amendment rights." In a dresser drawer in appellant's bedroom, Investigator Collins found "two baggies containing crystal fragments." On another dresser, he found plastic Ziploc baggies and a set of digital scales. Investigator Collins asked appellant what the fragments were and to whom they belonged. Appellant admitted the fragments were "meth" and they were his. He gave Investigator Collins the keys to a safe mounted on the wall in his bedroom. Inside the safe, Investigator Collins found $827 in cash, much of which was in the form of one-dollar bills bundled together by rubber bands.

Investigator Collins spoke with a person named Brenda Dalton in the living room. The investigator noticed "a big bulge in [Dalton's] front right pocket," and after learning that she had

---

[1] For these March 2015 convictions, appellant received a total sentence of 28 years, with 25 years and 6 months suspended, and 5 years of probation.

also waived her Fourth Amendment rights in a prior prosecution, he searched her pocket. He found a bottle containing twenty-eight-and-a-half small round pills.[2] A certificate from the Department of Forensic Science established that the baggies from appellant's bedroom contained almost 18 grams of methamphetamine and the pills were oxycodone.

At trial, the Commonwealth introduced the 2015 plea agreement, which included the Fourth Amendment waiver, as well as the sentencing order reflecting appellant's four prior convictions for distributing Schedule II drugs. Investigator Collins also qualified as an expert witness in the "sale of street drugs." He testified that a gram of methamphetamine had a street value of $100. In the investigator's opinion, the amount of methamphetamine discovered in appellant's bedroom was inconsistent with personal use. He also opined that the baggies, scales, and money were signs of distribution and inconsistent with personal use.

During cross-examination, Investigator Collins confirmed that he had "received a tip from a confidential informant" that led to the search of appellant's residence. Appellant asked Investigator Collins to identify the confidential informant. The Commonwealth objected, arguing that the informant's identity was not relevant because there was a "Fourth Amendment waiver in this case." Appellant responded that he was "entitled to be able to know" the informant's identity to "potentially defend himself from any biases, prejudices, information that was given, [and] any type of relationships that [appellant] shares with this [informant]." He argued that the informant's identity was relevant, despite the Fourth Amendment waiver, because the police searched appellant's residence only after receiving information from the informant.

---

[2] At trial, the Commonwealth proffered that Dalton later explained the pills were on a table in the living room and that she only picked them up and put them in her pocket when the police entered the room. When asked why she picked them up, Dalton stated that she "didn't know."

The court sustained the Commonwealth's objection. At the end of the case, appellant argued that the Commonwealth proved neither that he possessed the oxycodone pills found in Dalton's pocket nor an intent to distribute the methamphetamine recovered from his bedroom. The court disagreed and convicted appellant of possession with intent to distribute a Schedule II controlled substance, third or subsequent offense.

## ANALYSIS

Appellant's sole assignment of error is that the court abused its discretion in failing to require Investigator Collins to disclose the identity of the confidential informant. Initially, we note that appellant never moved to suppress any evidence and raises no constitutional issue concerning the search of his home and seizure of the drugs. Rather, appellant challenges the court's evidentiary decision to preclude his cross-examination question about the identity of the confidential informant.

"[Appellate courts] review a trial court's decision to admit or exclude evidence using an abuse of discretion standard and, on appeal, will not disturb a trial court's decision . . . absent a finding of abuse of that discretion." *Kenner v. Commonwealth*, 299 Va. 414, 423 (2021) (quoting *Avent v. Commonwealth*, 279 Va. 175, 197 (2010)). "In evaluating whether a trial court abused its discretion, . . . we do not substitute our judgment for that of the trial court. Rather, we consider only whether the record fairly supports the trial court's action." *Id.* (alteration in original) (quoting *Carter v. Commonwealth*, 293 Va. 537, 543 (2017)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Tynes v. Commonwealth*, 49 Va. App. 17, 21 (2006) (quoting *Thomas v. Commonwealth*, 44 Va. App. 741, 753, *adopted upon reh'g en banc*, 45 Va. App. 811 (2005)).

To be admissible, evidence must be "both relevant and material." *Castillo v. Commonwealth*, 70 Va. App. 394, 462 (2019) (quoting *Patterson v. Commonwealth*, 62 Va. App. 488, 493 (2013)). "'Evidence is relevant if it has any logical tendency, however slight, to establish a

fact at issue in the case' [and] . . . 'material if it relates to a matter properly at issue' in the case." *Id.* (alterations in original) (quoting *Cousins v. Commonwealth*, 56 Va. App. 257, 271 (2010)). "Before evidence is admitted, its proponent must lay a foundation supporting a finding that it is relevant to the proponent's theory of the case." *Creamer v. Commonwealth*, 64 Va. App. 185, 194 (2015). "'[E]vidence of collateral facts and facts incapable of supporting an inference on the issue presented are irrelevant and cannot be accepted in evidence. Such irrelevant evidence tends to draw [the factfinder's] attention toward immaterial matters' and therefore is properly excluded." *Lawlor v. Commonwealth*, 285 Va. 187, 229-30 (2013) (first alteration in original) (quoting *Coe v. Commonwealth*, 231 Va. 83, 87 (1986)).

Here, the informant's identity was not relevant to any material issue. Appellant waived his Fourth Amendment right to challenge the search of his residence by executing the 2015 plea agreement, wherein he expressly consented to searches of his person and residence by law enforcement "without first establishing probable cause or obtaining a search warrant." Based on the waiver, Investigator Collins did not seek or need a warrant before searching appellant's residence; he did not need probable cause. Accordingly, the basis for Investigator Collins's search was not a material issue for trial, and the informant's identity was not relevant.

The informant's identity was also irrelevant and immaterial because no evidence showed that he or she actively participated in appellant's crime. "As a general rule, 'the identity of a person furnishing the prosecution with information concerning criminal activities is privileged.'" *Hatcher v. Commonwealth*, 17 Va. App. 614, 616 (1994) (quoting *Daniel v. Commonwealth*, 15 Va. App. 736, 739 (1993)). "We have adopted an exception to this rule, however, such that '[w]here the disclosure of an informer's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege [of nondisclosure] must give way.'" *Id.* (alterations in original) (quoting *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957)). That is,

when an informant "participates in the transaction that results in the arrest and who the record shows probably could relate testimony helpful to the defense," his identity is subject to disclosure. *Stephenson v. Commonwealth*, 18 Va. App. 247, 250 (1994). A person who does "not participate in the transaction that leads to the arrest and who could not give information helpful to the preparation of the accused's defense" is merely a tipster, whose identity remains privileged. *Id. See also Gray v. Commonwealth*, 233 Va. 313, 328-29 (1987).

Here, the evidence established that the involvement of the confidential informant was limited to providing a "tip" that caused Investigator Collins to perform a search of appellant's residence for drugs. No evidence was presented that the information had any connection to the drug activity occurring at appellant's residence. Nothing in the record indicates that the informant participated in a controlled drug deal or witnessed criminal activity at the behest of law enforcement before the search. *See Keener v. Commonwealth*, 8 Va. App. 208, 213-14 (1989) (requiring disclosure of an informant's identity who both participated in and helped arrange the controlled drug transaction resulting in conviction). Indeed, appellant's defense theory was that the evidence did not establish his possession of the oxycodone pills recovered from Dalton or his intent to distribute the methamphetamine discovered in his bedroom. Neither of these theories involved the participation of a confidential informant or even the actuality of a drug deal. Therefore, the identity of the confidential informant remained privileged. *See Stephenson*, 18 Va. App. at 250.

Finally, appellant contends that knowledge of the informant's identity was relevant to his decision whether to testify. However, evidence does not meet the standard for relevance merely because it may affect a litigant's trial strategy. Instead, relevance hinges on whether the evidence casts any light on a material fact at issue in the case, and the proponent must lay a sufficient foundation. *Creamer*, 64 Va. App. at 194. "The defendant must come forward with something more than speculation as to the usefulness of the identity of the informer." *Lanier v.*

*Commonwealth*, 10 Va. App. 541, 552-53 (1990). Because appellant's need for the information was, at best, speculative, the court did not err in refusing to require Investigator Collins to disclose it.

Based on appellant's 2015 Fourth Amendment waiver, Investigator Collins did not need probable cause or a search warrant to search appellant or his residence and, as the court found, could search appellant at any time. Also, no evidence suggested that the confidential informant participated in the crime for which appellant was on trial—namely, possession with intent to distribute a Schedule II narcotic. The identity of the confidential informant, and any bias potentially affecting the information he provided to Investigator Collins, were irrelevant and immaterial to appellant's case. The court did not abuse its discretion in sustaining the objection.

CONCLUSION

Because the identity of the confidential informant was not relevant or material to the case, the court did not abuse its discretion in refusing to require Investigator Collins to disclose it. The judgment of the trial court is affirmed.

*Affirmed.*