**Richmond**

GEORGE ALBERT JONES

v.

COMMONWEALTH OF VIRGINIA

No. 1956-92-2

Decided April 19, 1994

COUNSEL

Raymond L. Palmer, for appellant.

Margaret Ann B. Walker, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.**—George Albert Jones was convicted in a jury trial of possession of heroin and sentenced to twelve months in jail. Jones contends (1) that evidence used against him at trial was secured during a warrantless arrest that violated the Fourth Amendment to the United States Constitution, and (2) that the Commonwealth failed to try him within the time prescribed by Code § 19.2-243.[1] We agree that the evidence did not prove probable cause for arrest and reverse appellant's conviction.

## I.

The owner of an apartment complex on Jacqueline Street testified that he had complained to the City of Richmond police of recurrent trespassing problems at the apartments and of drug dealing in the parking lot. He posted "No Trespassing" signs in the parking lot and asked the police for their assistance in monitoring the property. He also testified that despite the presence of the signs residents of the apartments were permitted to have visitors and guests on the property.

Officer George B. Wade and three other officers, none of whom were in uniform, drove by the apartment complex at 4:30 p.m. in an unmarked car. Wade noticed an automobile "parked on the opposite side of [Jacqueline Street] at the far end of the complex." Two persons were in the automobile. He also observed Jones and another man standing on a sidewalk near the automobile at the southwest corner of the apartment complex where Jacqueline and Allen Streets intersect. The officers drove around the apartment complex, entered the parking area, stopped their vehicle, and "exited [their] vehicle in the parking lot area toward

---

[1] At oral argument, Jones's counsel conceded that he erroneously calculated the number of days between arrest and trial. He further conceded that the correct calculation established no violation of Code § 19.2-243. Accordingly, we need not address the speedy trial issue.

the direction of [Jones]." When the plainclothed officers exited their car to approach Jones, Jones ran. Two of the officers chased Jones.

As the officers chased Jones, Wade had a conversation with the other person who had been standing next to Jones. That person identified himself. When Wade learned that he resided in the apartment complex, Wade left him. Wade then saw the other officers chasing Jones toward the apartments and went to assist. Jones stopped running as he approached Wade.

When Wade asked Jones where he lived, Jones gave his address on Allen Street, the street at the intersection where the officer first sighted him. Wade recognized that Jones's address was not the address of one of the apartments and arrested Jones for trespassing.

Jones testified at the suppression hearing that he ran because he did not recognize the men in jeans and t-shirts coming toward him and because he heard someone say, "run." He also testified that when he stopped he told Wade that he was visiting his sister and niece, both of whom lived in the apartment complex. Wade testified that Jones "could have said" that he was visiting "a cousin or something . . . in the complex." Wade also testified that a woman he believed to be Jones's friend told him that Jones was visiting a relative. After Wade arrested Jones for trespassing, he searched Jones and discovered in his pockets $1,342 in cash and a small glassine packet of heroin. The trial judge denied Jones's motion to suppress the evidence obtained following the arrest for trespassing. Jones was convicted and filed this appeal.

## II.

■ "The fourth amendment permits an officer who has probable cause [to believe a person is engaged in criminal activity] to make a warrantless arrest." *Penn v. Commonwealth*, 13 Va. App. 399, 407-408, 412 S.E.2d 189, 194 (1991), *aff'd*, 244 Va. 218, 420 S.E.2d 713 (1992). "[P]robable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed." *Taylor v. Commonwealth*, 222 Va. 816, 820, 284 S.E.2d 833, 836 (1981), *cert. denied*, 456 U.S. 906 (1982).

■ A person is guilty of trespassing "[i]f [that] person without authority of law goes upon or remains upon the lands, buildings or premises of another, or any portion or area thereof, after having been forbidden to do so, either orally or in writing, by the owner, lessee, custodian or other person lawfully in charge thereof, or after having been forbidden to do so by a sign or signs posted by such persons." Code § 18.2-119. Although the criminal trespass statute does not contain an express requirement of intent, the statute has been construed to require proof of a willful trespass. *Campbell v. Commonwealth*, 41 Va. (2 Rob.) 791, 791 (1843); *Reed v. Commonwealth*, 6 Va. App. 65, 70, 366 S.E.2d 274, 278 (1988). Moreover, a good faith claim of right to be on the premises negates the requisite intent to engage in a criminal trespass.

> "Criminal intent is an essential element of the statutory offense of trespass, even though the statute is silent as to intent, and if the act prohibited is committed in good faith under claim of right . . . although the accused is mistaken as to his right, unless it is committed with force . . . no conviction will lie."

*Reed*, 6 Va. App. at 71, 366 S.E.2d at 278 (quoting 75 Am. Jur. 2d *Trespass* § 87 (1974)).

Wade testified that when he saw Jones and the other man standing near the automobile he concluded that they were trespassing because they were "hanging out" and because Jones ran as their car approached. The trial judge concluded that the officer's belief sufficed to establish probable cause. Because Jones does not question whether the proof established that he was on the premises when Wade saw him standing on the sidewalk near the automobile on Jacqueline Street, we assume, for purposes of this decision, that he was. We conclude, however, that the facts and circumstances did not give Wade probable cause to believe that Jones was trespassing.

Wade had no reason to believe that Jones specifically had been forbidden, orally or in writing, to go upon the premises of the apartment complex. Wade conceded that the apartment complex owner never told him that Jones had been told to stay off the premises or that guests of residents could not be on the premises. Thus, in order for Jones's presence on the premises to give rise to probable cause to arrest for trespassing, Wade must have had a

reasonable basis to conclude that Jones was neither a resident nor a guest of a resident. Because Wade did not know Jones, he merely assumed that Jones was on the premises in disregard of the posted signs that announced, "No Trespassing."

Jones's mere presence with another man on the premises at four o'clock in the afternoon near an automobile parked on a street by an apartment complex was insufficient to establish probable cause to believe that Jones was neither a resident of the apartment complex nor legitimately upon the premises at the invitation of a resident. The officer's observation permitted only a bare suspicion. Indeed, the officer's assertion that Jones and the other man were "hanging out" did not add sufficient information to raise his suspicion of trespassing to probable cause. Wade's testimony did not establish that Jones and the other man, who was a resident of the apartment complex, were idly standing by the automobile for a lengthy period of time. The officer's testimony did not establish that the police observed Jones for more than a brief instance before they accosted Jones and his companion. Moreover, Wade testified that he knew, before arresting Jones, that the person with whom Jones was "hanging out" resided at the apartment complex.

Jones's flight also could not have reasonably raised the officer's suspicion to the level of probable cause. The evidence established that when an automobile without any discernible markings drove into the parking lot in the direction of Jones and three men in jeans and t-shirts exited the automobile, Jones ran and several men chased him. Those facts provide no reasonable basis for the officer to conclude that Jones's flight occurred because he was a trespasser.

As Jones was being chased by the out-of-uniform police officers, Wade learned that the man who had been standing with Jones was a resident of the apartment complex. After Jones was detained, Wade learned that Jones was not a resident of the apartment. However, the record contained no indication that Wade made any inquiry whether Jones was a guest of the resident who was standing with Jones. Jones and another person then present informed Wade that Jones was on the premises to visit a relative.[2] Thus, Wade ignored circumstances that explained Jones's pres-

---

[2] Jones testified at the suppression hearing that he informed Wade that he had been on the premises to visit his niece and sister, who lived there. Wade testified:

ence and, furthermore, Wade had no facts that contradicted the information that he learned. These facts and circumstances known to Wade fail to establish probable cause to arrest Jones for trespassing.

The Commonwealth argues, however, that this case is controlled by our decision in *James v. Commonwealth*, 8 Va. App. 98, 379 S.E.2d 378 (1989). That case is readily distinguishable on its facts. Although *James* involved the flight of an accused and a finding of probable cause to believe the accused was trespassing, *id.* at 101-02, 379 S.E.2d at 380, the similarities between that case and the facts of this case end there. In *James*, an off-duty police officer, who had been hired by an apartment complex to protect against a recurrence of a rash of rapes, "peeping tom" incidents, and trespassing, discovered the accused in the apartment complex, at eleven o'clock at night, following a woman who had just exited her car. *Id.* at 99, 379 S.E.2d at 379. The officer, who was in uniform, hailed the accused, identified himself as a police officer, and asked to speak to the accused. *Id.* at 100, 379 S.E.2d at 379. At that point, the accused fled. *Id.* The Court's opinion in *James* specifically noted that the police officer identified himself before James fled. *Id.* at 101, 379 S.E.2d at 380. Moreover, the late hour and the absence of reason to be on the property significantly distinguish the facts of *James*.

Because the police did not have probable cause to arrest Jones for trespassing, the evidence obtained during the search incident to the arrest and following the arrest should have been suppressed. *See Hayes v. Florida*, 470 U.S. 811, 814-15 (1985); *Commonwealth v. Ealy*, 12 Va. App. 744, 750-51, 407 S.E.2d 681, 685-86 (1991); *Walls v. Commonwealth*, 2 Va. App. 639, 651-52, 347 S.E.2d 175, 182 (1986). We, therefore, reverse the conviction and remand the case for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*

Koontz, J., and Elder, J., concurred.

---

Q: Did he indicate to you at any time during this occasion that his sister lived there at the apartments that he had been visiting?
A: He stated something to the effect that he had some type of relative, cousin or something to that effect, that possibly did live in that apartment complex; yes, sir.