COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Bray and Fitzpatrick
Argued by Teleconference


RUTH BETTIE CALLOWAY

                                   MEMORANDUM OPINION[*] BY
v.          Record No. 0805-96-3    JUDGE LARRY G. ELDER
                                       APRIL 22, 1997
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF AMHERST COUNTY
                   J. Michael Gamble, Judge

           Thomas S. Leebrick (Mosby & Leebrick, on
           brief), for appellant.

           H. Elizabeth Shaffer, Assistant Attorney
           General (James S. Gilmore, III, Attorney
           General, on brief), for appellee.



      Ruth Bettie Calloway (appellant) appeals her conviction of

driving under the influence of alcohol, a second offense, in

violation of Code § 18.2-266.  She contends that the trial court

erroneously denied her motion to suppress.  She argues that the

trial court erred when it concluded that the investigating

officer had a reasonable articulable suspicion to stop her

vehicle and to subsequently investigate her for driving under the

influence of alcohol.  She also argues that the trial court erred

when it concluded that the investigating officer had probable

cause to arrest her for driving under the influence of alcohol.

Finally, she contends that because the evidence of her breath

test should have been suppressed, the remaining evidence was

      [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

insufficient to support her conviction.  For the reasons that follow, we affirm.

## I.

## FACTS

At 2:49 a.m. on July 8, 1995, Deputy Tetterton was informed by a dispatcher of a disturbance at the "last brick house" on Randolph Lane.  Two minutes later he arrived at Randolph Lane and saw a car driven by appellant.  Deputy Tetterton proceeded to stop appellant's car and arrest her for driving under the influence of alcohol.  Appellant later took a breath test that indicated that her breath alcohol content exceeded the legal limit.

Appellant was arrested and charged with second offense driving under the influence of alcohol.  Appellant moved to suppress the results of her breath test on Fourth Amendment grounds, and the trial court overruled her motion.  At the conclusion of the evidence, appellant renewed her Fourth Amendment arguments in a motion to strike the Commonwealth's evidence.  The trial court overruled this motion and convicted appellant of second offense driving under the influence of alcohol.

## II.

## THE INITIAL STOP OF APPELLANT'S CAR

Appellant contends that Deputy Tetterton's initial stop of her car was unlawful because he lacked a reasonable, articulable

suspicion that she was involved in criminal activity.  We disagree.

Upon appeal from a trial court's denial of a motion to suppress, we must review the evidence in the light most favorable to the prevailing party, granting to it all reasonable inferences fairly deducible therefrom.  See Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991); Reynolds v. Commonwealth, 9 Va. App. 430, 436, 388 S.E.2d 659, 663 (1990). Determinations of reasonable suspicion and probable cause require de novo review on appeal.  Ornelas v. United States, ___ U.S. ___, ___, 116 S. Ct. 1657, 1663, 134 L.Ed.2d 911 (1996). However, a trial court's "findings of historical fact" should be reviewed only for "clear error."  Id.

"In order to justify an investigatory stop of a vehicle, the officer must have some reasonable, articulable suspicion that the vehicle or its occupants are involved in, or have recently been involved in, some form of criminal activity."  Logan v. Commonwealth, 19 Va. App. 437, 441, 452 S.E.2d 364, 367 (1994) (citing Murphy v. Commonwealth, 9 Va. App. 139, 143-44, 384 S.E.2d 125, 127 (1989)).  "In determining whether an 'articulable and reasonable suspicion' justifying an investigatory stop of a vehicle exists, courts must consider 'the totality of the circumstances -- the whole picture.'"  Murphy, 9 Va. App. at 144, 384 S.E.2d at 128 (quoting United States v. Sokolow, 490 U.S. 1, 8, 109 S. Ct. 1581, 1585, 104 L.Ed.2d 1 (1989)).

We hold that Deputy Tetterton had a reasonable articulable suspicion that appellant was involved in criminal activity when he initially stopped her car. The record established that Deputy Tetterton received a report from a police dispatcher that an African-American woman was "yelling, screaming, and knocking" on the front door of a residence on Randolph Lane in a manner that was unwelcome and upsetting to one of the occupants of the house. The dispatcher also told him that the person causing the disturbance drove a "small" car that was parked in the driveway to the house, which was the last brick house on the street. Approximately two minutes later, Deputy Tetterton arrived at Randolph Lane and saw a Ford Tempo backing out from one of the last two driveways on the street. When the car approached Deputy Tetterton, he saw that it was driven by an African-American female. Based on these observations, he decided to stop the vehicle and investigate.

The factual scenario reported by the dispatcher provided an objective basis for the deputy to suspect that the person who caused the disturbance at the house on Randolph Lane was involved in some form of criminal activity. Although Deputy Tetterton did not know the exact nature of the "problem" at the residence, the fact that the person at the front door was causing a disturbance at an unusually early hour and that this disturbance provoked an occupant of the house to call the police provided an objective basis for the deputy to suspect that criminal activity was afoot.

In addition, considering the dearth of activity on this small, residential street in the predawn hours of the morning, and Deputy Tetterton's quick arrival at the scene, it was reasonable for him to conclude that appellant was the person who caused the disturbance at the house on Randolph Lane. The deputy saw appellant's car backing out from one of the last driveways on the street two minutes after learning of the disturbance, and appellant matched the police dispatcher's description of the person who purportedly caused the disturbance.[1]

## III.

### INVESTIGATION OF APPELLANT FOR DRIVING UNDER THE INFLUENCE

We hold that Deputy Tetterton had a reasonable articulable suspicion that appellant was driving under the influence of alcohol that justified his further detention of her to perform field sobriety tests. The record establishes that after Deputy Tetterton stopped appellant's car, he approached the driver's side window to ask appellant a few questions. When he arrived at the driver's side window, Deputy Tetterton detected the odor of alcohol on appellant's person. After asking appellant if she had

---

[1] We disagree with the trial court's conclusion that Deputy Tetterton's stop was justified under the "community caretaker" exception to the Fourth Amendment's prohibition of warrantless searches and seizures. The record does not establish that Deputy Tetterton had a reasonable articulable suspicion that appellant was either in distress or in need of assistance at the time he stopped her car. See Commonwealth v. Waters, 20 Va. App. 285, 288–89, 456 S.E.2d 527, 529 (1995). However, "[a]n appellate court may affirm the judgment of a trial court when it has reached the right result for the wrong reason." Driscoll v. Commonwealth, 14 Va. App. 449, 452, 417 S.E.2d 312, 313 (1992).

been drinking, appellant admitted that she had consumed three beers.  As discussed previously, Deputy Tetterton reasonably suspected that appellant had engaged in the unusual behavior of "yelling, screaming, and knocking" on the door of a nearby residence in the predawn hours of the morning.  The deputy then asked appellant to step out of the car to perform field sobriety tests.  Based on these circumstances, Deputy Tetterton had a reasonable articulable suspicion that appellant was operating her vehicle while intoxicated.

## IV.

### PROBABLE CAUSE TO ARREST APPELLANT

We hold that Deputy Tetterton had probable cause to arrest appellant for driving under the influence of alcohol. "'[P]robable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed.'"  Jones v. Commonwealth, 18 Va. App. 229, 231, 443 S.E.2d 189, 190 (1994) (quoting Taylor v. Commonwealth, 222 Va. 816, 820, 284 S.E.2d 833, 836 (1981), cert. denied, 456 U.S. 906, 102 S. Ct. 1753, 72 L.Ed.2d 163 (1982)).  After Deputy Tetterton stopped the car driven by appellant on Randolph Lane, he noticed the odor of alcohol on appellant's person, the "glassy, bloodshot" appearance of her eyes, her slow and slurred speech, and her "unsteady and wobbly" performance of the field

sobriety tests.  Based on these facts, it was reasonable for the deputy to believe that appellant had been driving her car while under the influence of alcohol.

Because the trial court correctly overruled appellant's motion to suppress her breath test, the evidence at trial was sufficient to support her conviction.

For the foregoing reasons, we affirm the conviction of driving under the influence of alcohol, a second offense, in violation of Code § 18.2-266.

Affirmed.
