COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Willis and Bumgardner
Argued at Salem, Virginia


JOHN DANIEL REYES AND
 PHILLIP LANGE BENHAM

MEMORANDUM OPINION[*] BY
v.   Record No. 0480-98-3    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                       APRIL 13, 1999
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                    Richard S. Miller, Judge

        Michael J. DePrimo (Brian Fahling; Thomas W.
        Current; American Family Association Law
        Center; Day & Current Law Firm, on briefs),
        for appellants.

        Eugene Murphy, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


    Phillip Lange Benham (Benham) and John Daniel Reyes (Reyes)

were convicted in a bench trial of trespass upon school

property, in violation of Code § 18.2-128.  On appeal,

appellants contend that the trial court erred in rejecting their

defense of "good faith."  Finding no error, we affirm.

                            I.

    Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

the prevailing party below, granting to it all reasonable

inferences fairly deducible therefrom.  See Juares v.

        [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

<u>Commonwealth</u>, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997). So viewed, the evidence established that at approximately 6:00 a.m. on November 10, 1997, appellants and an estimated 150 other demonstrators gathered at a drug store across the street from E.C. Glass High School in the City of Lynchburg. Shortly thereafter, they moved onto school property to hand out religious literature and display anti-abortion signs.

At approximately 6:55 a.m., Susan Morrison, the principal, arrived at the school. She asked some of the demonstrators whether they had permits or permission to be on school property and, if they did not, she asked them to leave. One member of the group responded, "No ma'am, we will not leave." Morrison later told Benham that he was keeping students from entering the school building and she asked Benham to leave. He refused.

James McCormick, Superintendent of Schools, arrived at the school at approximately 7:08 a.m. He identified himself to Benham and asked Benham to leave the property. Benham refused and stated, "They weren't going anywhere." McCormick could not recall whether he specifically told Reyes to leave the school property. However, McCormick remembered telling a group of demonstrators including Reyes to leave and the group did not move.

Barry Campbell, Deputy Superintendent of Schools, also arrived at the school between 7:00 and 7:15 a.m. After identifying himself as a school official, Campbell informed Reyes that he was demonstrating on school property and asked Reyes to leave. Reyes stated that he would not leave.

Lieutenant J.P. Stokes and Officer Steven Clark of the Lynchburg Police Department arrived at the school at approximately 7:16 a.m. Stokes approached Benham and asked whether the group had a permit. When Benham indicated that they did not have a permit, Stokes told Benham that he and the group would have to leave. Additionally, he told Benham that they would be arrested if they didn't leave the school property. Benham responded: "Then you'll have to arrest us."

After his encounters with McCormick and Lieutenant Stokes, Benham spoke with Officer Clark, who again explained that the demonstrators were on school property and that they had to leave. "[Benham] was very insistent, he wanted to have ten minutes to address the group before they disbanded from there." Clark and Benham finally agreed that Benham would lead the demonstrators to a location further from the school to address the students for ten minutes. Appellants and the demonstrators left the school property at approximately 8:30 a.m.

At trial, Reyes initially testified, contrary to the Commonwealth's witnesses, that he was not told by any school

- 3 -

administrator to leave the premises.  However, on cross-examination he admitted that Deputy Superintendent Campbell told him to leave, including the following:

> Q.  And you do agree that [Campbell] asked you to leave?
>
> A.  Yes, sir.
>
> Q.  And you agree that you did not in fact leave at that time?
>
> A.  I didn't leave at that time.
>
>  *      *      *      *      *      *      *
>
> Q.  But in fact, when Mr. Campbell asked you to leave, you didn't leave at that time?
>
> A.  No, I did not.

Nevertheless, Reyes testified that he remained on school grounds because he was asked to assist Benham and Officer Clark in moving the demonstrators off the property.

Even though Benham was asked by school administrators to leave, he testified at trial, "I didn't leave."  Benham contended the demonstrators had a right to be on the property in front of the school because it was a "public sidewalk." According to Benham, it was not until Officer Clark talked to him that he realized the demonstrators were on school property.

Following closing arguments by the parties, the trial court convicted Benham and Reyes of trespass upon a school property.

II.

Code § 18.2-128, the trespass statute under which appellants were convicted, provides in part:

> It shall be unlawful for any person, whether or not a church member or student, to enter upon or remain upon any church or school property in violation of (i) any direction to vacate the property by a person authorized to give such direction or (ii) any posted notice which contains such information, posted at a place where it reasonably may be seen.

(Emphasis added). "Although the criminal trespass statute does not contain an express requirement of intent, the statute has been construed to require proof of a willful trespass." Jones v. Commonwealth, 18 Va. App. 229, 232, 443 S.E.2d 189, 191 (1994) (construing Code § 18.2-119). "Moreover, a good faith claim of right to be on the premises negates the requisite intent to engage in a criminal trespass." Id.

> Criminal intent is an essential element of the statutory offense of trespass, even though the statute is silent as to intent, and if the act prohibited is committed in good faith under claim of right . . . although the accused is mistaken as to his right, unless it is committed with force . . . no conviction will lie.

Reed v. Commonwealth, 6 Va. App. 65, 71, 366 S.E.2d 274, 278 (1988) (quoting 75 Am. Jur. 2d Trespass § 87 (1974)) (omission in original).

In the instant case, appellants contend that the trial court erred in rejecting their defense of "good faith."

- 5 -

Specifically, Benham argues that the trial court should have accepted his good faith belief that the sidewalk was public property and, therefore, Benham acted under a claim of right to conduct a demonstration on the property. Reyes argues that the trial court erred in rejecting his good faith belief that he was authorized to remain on school grounds to help move the demonstrators off the property.

A claim of right is an affirmative defense for which the accused has the burden of persuading the fact finder that he or she acted in good faith in remaining on the property to the degree necessary to raise a reasonable doubt as to his or her guilt. See id. at 70, 366 S.E.2d at 277; cf. Lynn v. Commonwealth, 27 Va. App. 336, 353, 499 S.E.2d 1, 9 (1998), aff'd, ___ Va. ___, ___ S.E.2d ___ (1999). Although undisputed facts may establish a claim of right as a matter of law, whether the accused establishes that he or she acted under a claim of right is generally a question of fact. Cf. Lynn, 27 Va. App. at 353, 499 S.E.2d at 9.

In the instant case, the Commonwealth established a prima facie case of trespass upon school property by appellants. Several people authorized to do so, including the school principal, Superintendent and Deputy Superintendent of the Lynchburg Schools, and the police, told the demonstrators to leave the school property. They refused to do so in violation

of several direct requests.  Indeed, upon learning from police officers that the demonstrators would be arrested for failing to leave the property, Benham responded, "Then you'll have to arrest us."

The trial court was not required to accept appellants' testimony that they believed they were not on school property. Credible evidence supports the trial court's finding that appellants willfully remained on school property without establishing a valid good faith claim of right to be there.  See Montgomery v. Commonwealth, 221 Va. 188, 190, 269 S.E.2d 352, 353 (1980) (per curiam) ("[E]ven if the defendant's story was not inherently incredible, the trier of fact need not have believed the explanation."); Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) ("In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt.").  The Commonwealth's evidence was competent, was not inherently incredible and was sufficient to prove beyond a reasonable doubt

that appellants were guilty of trespassing.  Accordingly, we affirm appellants' convictions.[1]

                                                    Affirmed.

---

[1]Reyes also argues on appeal that because the police worked out an agreement with Benham to assist in removing the demonstrators from school property, his conviction was in violation of the Fifth and Fourteenth Amendments.  Since Reyes did not raise this issue before the trial court, it is procedurally barred.  See Rule 5A:18.  See also Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994) (holding that a party is precluded from raising on appeal an issue which was not raised at the trial level).