COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Humphreys and Senior Judge Overton
Argued at Chesapeake, Virginia


TERRY LAMONT WHITBY

MEMORANDUM OPINION[*] BY
v.   Record No. 1343-99-1       JUDGE SAM W. COLEMAN III
                                     JULY 25, 2000
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
                   AND COUNTY OF JAMES CITY
              Samuel Taylor Powell, III, Judge

        Colleen K. Killilea for appellant.

        Linwood T. Wells, Jr., Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


     Terry Lamont Whitby was convicted in a bench trial of

trespassing in violation of Code § 18.2-119, assault and battery

in violation of Code § 18.2-57.2, and robbery in violation of

Code § 18.2-58.  On appeal he argues that the evidence is

insufficient to support his convictions because the victim's

testimony is inherently incredible.  He further argues that his

convictions for assault and battery and robbery violate his

Fifth Amendment right against double jeopardy.  We disagree and

affirm the convictions.

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

## I.  BACKGROUND

Christian Cushman, the victim, and Terry Lamont Whitby, the defendant, previously had a romantic relationship and had a child together.  Shortly after midnight, Cushman was awakened by Whitby knocking on her back window.  Whitby then knocked on the back door and, when Cushman did not respond, he went to the front door and tried to open it.  Moments later Cushman confronted Whitby coming down the hallway toward her bedroom.  Cushman yelled at Whitby and ordered him to leave, stating that he was not welcome in her home.  Whitby asked for a cigarette, and Cushman "threw one at him."  Cushman then left the trailer from the back door and "walked as fast as [she] could to the nearest pay phone" to call the police.  Whitby ran up behind her, picked her up, and carried her toward a gazebo in the park, where the two had often gone together.  Cushman "pounded" on Whitby, yelling and screaming for him to let go of her.  Whitby put her down and she sat on the ground, clutching her purse.  Cushman testified that when she would not go with Whitby to the gazebo, he snatched her purse and fled.  Cushman suffered two sprained fingers and several broken fingernails.  Approximately forty-five minutes later when police officers accompanied Cushman, who was distraught and crying, to the area where the incident had occurred, Cushman found her purse "exactly where

[she] was sitting so it looked liked nothing ever happened."
Cushman reported that five dollars was missing from her purse.

Cushman had been involved in an automobile accident prior to this incident and sustained brain injuries, including memory loss. She has been diagnosed with bi-polar disorder and suffers from paranoia. The day before the incident, Cushman discussed with her therapist her feelings of paranoia that Whitby might hurt her.

Whitby testified that, while they were dating, he took care of Cushman's finances due to her brain injuries. Whitby testified that he went to Cushman's trailer that evening, just like he did every Monday, Wednesday, and Friday. On his visits, the two would talk or take walks. Whitby testified that he knocked on the front door, and after not receiving a response, he knocked on the back door. Whitby identified himself, but Cushman did not let him in the house. Whitby then tapped on the back window, and Cushman motioned for him to come around to the front. Cushman let him in the front door. Whitby testified that Cushman was fearful that the landlord would hear Whitby in the trailer, so Cushman suggested that they go outside. Before they went to the gazebo in the park, where the two always rendezvoused, Cushman wanted to walk to a pay phone and call her boyfriend. On the way to the phone, Cushman's leg "gave out" and she started to have an asthma attack. Whitby testified

that, after asking her permission, he picked Cushman up and placed her on the curb. Whitby said that he walked her back to the entrance of the trailer park and left. He testified that he did not take anything from Cushman.

## II.  ANALYSIS

### A.  Sufficiency of the Evidence

Whitby argues that the evidence is insufficient to support his convictions. He asserts that because Cushman suffered from memory loss, paranoia, and bi-polar disorder, her testimony was inherently incredible and not worthy of belief. He also argues that Cushman's trial testimony was inconsistent with her statements to the police and her testimony at the preliminary hearing. Specifically, Whitby points to one statement Cushman made at trial, that she did not make in her statement to the police or at the preliminary hearing, in which she stated that Whitby threatened to tell her landlord that she allowed Whitby into the trailer. Whitby also points to Cushman's statement to the police in which she stated that Whitby "braced" her when she began to fall and that he picked her up and carried her to the curb when she was having the asthma attack. At trial, Cushman stated that since she made that statement, she had time to reflect on the reason why Whitby picked her up and carried her. Cushman testified that she now believes that Whitby picked her up and tried to carry her to the gazebo.

On review of a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the Commonwealth, the prevailing party, and grant to it all reasonable inferences fairly deducible therefrom.  See Commonwealth v. Jenkins, 255 Va. 516, 521, 499 S.E.2d 263, 265 (1998) (citations omitted).  "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented."  Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) (citations omitted).

The evidence viewed in the light most favorable to the Commonwealth proves that Whitby entered Cushman's trailer without her permission.  See Jones v. Commonwealth, 18 Va. App. 229, 232, 443 S.E.2d 189, 190-91 (1994) (construing Code § 18.2-119). Whitby followed Cushman out of the trailer and pursued her until he caught her.  Whitby picked Cushman up and carried her away from where she was standing, while she pounded on him and yelled at him to let her down.  See Perkins v. Commonwealth, 31 Va. App. 326, 330, 523 S.E.2d 512, 513 (2000) (construing Code § 18.2-57). Finally, Whitby grabbed Cushman's purse, while she was clutching it.  See Pierce v. Commonwealth, 205 Va. 528, 532, 138 S.E.2d 28, 31 (1964).  Cushman suffered two sprained fingers and broken fingernails.

In order for a witness' testimony to be disregarded as a matter of law, the evidence must be inherently incredible or the witness' account of the events must be so contrary to human experience as to be unworthy of belief.  See Robertson v. Commonwealth, 12 Va. App. 854, 858, 406 S.E.2d 417, 419 (1991); see also Owens v. Commonwealth, 186 Va. 689, 696-97, 43 S.E.2d 895, 898 (1947) (stating that inconsistencies and inaccuracies in a witness' statement do not necessarily render the statement inherently incredible).  Although Cushman acknowledged that she has difficulty remembering details and that she had suffered brain trauma in an automobile accident, Cushman's account of the events was not inherently incredible, and the trial court was entitled to weigh this evidence in determining her credibility and Whitby's guilt.  See Sandoval, 20 Va. App. at 138, 455 S.E.2d at 732.  The trial court found that Cushman "appeared very truthful to the Court, very knowledgeable."  The trial court further found that "her credibility is superior, and beyond a reasonable doubt the Court would find the defendant guilty of [the charges]."  The trial court stated that, "[i]t seems to me and incredible to believe that [Cushman] would come up with this story and call the police and have the problems she's having when Mr. Whitby says there's no problem."  Moreover, any inconsistencies between Cushman's trial testimony and her previous statements goes to her credibility, which the trial court found to be "superior."

- 6 -

Further, the sequence of events and the details were largely corroborated by Whitby's own testimony.  Accordingly, we find Cushman's testimony was not inherently incredible.  Therefore, the evidence is sufficient to support the convictions.

## B.  Double Jeopardy

Whitby, citing Blockburger v. United States, 284 U.S. 299 (1932), argues that his convictions for assault and battery and robbery violate his Fifth Amendment right against double jeopardy.  He argues that assault and battery is a lesser offense of robbery and does not require proof of a separate fact that is not also an element of robbery.

Whitby did not raise this argument at trial.  We will not consider for the first time on appeal an issue not preserved in the trial court.  See Ohree v. Commonwealth, 26 Va. App. 299, 307-08, 494 S.E.2d 484, 488 (1998).  "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Rule 5A:18.  "The primary purpose of requiring timely and specific objections is to afford the trial judge a fair opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals."  Rodriguez v. Commonwealth, 18 Va. App.

277, 284, 443 S.E.2d 419, 424 (1994) (<u>en</u> <u>banc</u>) (citation omitted), <u>aff'd</u>, 249 Va. 203, 454 S.E.2d 725 (1995).

We find that Whitby's argument on appeal is barred by Rule 5A:18 because he failed to raise the issue in the trial court. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Accordingly, we affirm the convictions.

<u>Affirmed.</u>