COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, Beales and Senior Judge Clements
Argued by teleconference


DAVID JAMES PROFFITT

MEMORANDUM OPINION[*] BY
v.        Record No. 1424-10-2          JUDGE RANDOLPH A. BEALES
                                        NOVEMBER 8, 2011
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Cheryl V. Higgins, Judge[1]

Andre A. Hakes (Tucker Griffin Barnes, P.C., on briefs), for
appellant.

Gregory W. Franklin, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


David James Proffitt (appellant) was convicted by the trial court of driving under the

influence pursuant to Code § 18.2-266.  On appeal, appellant argues that the trial court erred in

denying his motion to suppress because it applied the wrong standard in evaluating the

constitutionality of the arrest and because, under the correct standard, there was not probable

cause to arrest him.  For the following reasons, we conclude that the trial court did not err, and,

therefore, we affirm this conviction on appeal.

I.  BACKGROUND

On May 19, 2009, at around 10:19 p.m., appellant was operating a vehicle in Albemarle

County, Virginia, when Officer James H. Morris stopped his vehicle.  Officer Morris arrested

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Judge-Designate William H. Ledbetter, Jr. heard the motion to suppress and the motion to
reconsider.

appellant, obtained a breath sample pursuant to implied consent, and charged him with driving under the influence, under Code § 18.2-266.

Appellant filed a pretrial motion to suppress all evidence, arguing that Officer Morris conducted an unlawful stop and arrest of appellant. At the suppression hearing, Officer Morris testified that he was dispatched on the night of May 19, 2009 to investigate a motor vehicle accident in the 1300 block of Briery Creek Road. He received information from the dispatch center that there was a small pickup truck that appeared to have run off the road and crashed in that area. When Officer Morris approached the accident scene, he saw a small, gray pickup truck that seemed to have no lights on that had crashed head-on into a tree; he also saw a small, white minivan right beside the pickup truck that Officer Morris testified was "involved in the accident."

The video taken from Officer Morris's vehicle, which was admitted into evidence at the suppression hearing, reveals that as Officer Morris pulled up behind the accident scene, appellant started backing up the white minivan onto Briery Creek Road. Almost instantaneously, Officer Morris activated his flashing emergency lights on his police cruiser. After the lights came on, Officer Morris noticed the minivan backing up very close to Officer Morris's cruiser – and then suddenly and immediately accelerating down the road. At that point, Officer Morris followed the vehicle – with his flashing emergency lights on – but appellant maintained his swift speed. Officer Morris then notified dispatch that it appeared that the minivan was fleeing. As Officer Morris pursued appellant with his emergency lights continuously on, appellant showed no sign of complying with Officer Morris's signal to pull over. He did not slow down or put on his turning signal. Appellant then abruptly pulled over, stopped his car, and then immediately exited the

vehicle. Officer Morris asked the driver to remain in the vehicle, but appellant walked back at a "brisk pace" toward Officer Morris's vehicle.[2]

Concerned about appellant's driving behavior and appellant's failure to listen when asked to stay in the vehicle, Officer Morris placed appellant in a basic takedown, in which Officer Morris took appellant down to the ground and handcuffed him. Officer Morris arrested appellant at approximately 10:19 p.m.[3]

The trial court denied appellant's pretrial motion to suppress. Appellant subsequently filed a motion to reconsider the court's ruling on the motion to suppress, and the trial court then denied the motion to reconsider.

## II. ANALYSIS

### A. Probable Cause Standard

On appeal, appellant argues that the trial court did not use the proper standard to evaluate the constitutionality of his arrest. He contends that the incorrect standard was used because the trial court stated at both the suppression hearing and when it denied the motion to reconsider that Officer Morris had "reason to believe" a crime was being committed. However, it is clear that, when using this particular language, the trial court was actually referring to the probable cause standard because probable cause was expressly argued at length both at the suppression hearing and upon appellant's motion for reconsideration.

Further, the trial court's choice of language mirrors the definition of probable cause enunciated by Virginia's appellate courts, which is as follows:

---

[2] It is unclear from the video whether appellant actually heard Officer Morris's request to stay in the vehicle.

[3] Officer Morris's notes indicate that the arrest occurred at 10:40 p.m., but the time stamp of the video indicates that Officer Morris took appellant to the ground and arrested him at 10:19 p.m.

"probable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant *a person of reasonable caution to believe* that an offense has been or is being committed." Jones v. Commonwealth, 18 Va. App. 229, 231, 443 S.E.2d 189, 190 (1994) (quoting Taylor v. Commonwealth, 222 Va. 816, 820, 284 S.E.2d 833, 836 (1981), cert. denied, 456 U.S. 906 (1982)). "The test of constitutional validity is whether at the moment of arrest the arresting officer had knowledge of sufficient facts and circumstances to warrant a *reasonable man in believing* that an offense has been committed." Bryson v. Commonwealth, 211 Va. 85, 86-87, 175 S.E.2d 248, 250 (1970) (citations omitted).

Ford v. City of Newport News, 23 Va. App. 137, 143-44, 474 S.E.2d 848, 851 (1996) (emphasis added). Virginia case law describes probable cause as existing "when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information . . . are sufficient to warrant *a person of reasonable caution to believe* that a crime has been or is being committed." Id. (emphasis added). Thus, it is clear that the trial court, using essentially the same language, applied the probable cause standard.[4] In addition, the trial court is presumed to know the law, and there is nothing disturbing the presumption that the trial court knew and applied the proper standard of probable cause here. Henderson v. Commonwealth, 58 Va. App. 363, 376, 710 S.E.2d 482, 489 (2011).

---

[4] The trial court stated at the suppression hearing: "I think the officer had – had *reason to believe* a crime was being committed and that crime was, of course, that the guy was fleeing from him." (Emphasis added). In its order denying the motion to reconsider, the trial court stated:

> [T]he court is of the opinion that its original decision to deny the motion to suppress is correct, based on the law and the evidence, in that the police officer's vehicular stop and the ensuing arrest were justified because the officer had *reason to believe*, as the Commonwealth argued, that the defendant was fleeing the scene of an accident in which he was involved, and, further, was eluding law enforcement as defined by statute.

(Emphasis added).

- 4 -

Since the trial court applied the proper standard, this Court must next determine if the trial court erred in finding probable cause existed here.  In order to ascertain whether probable cause exists, this Court must focus upon "what the *totality of the circumstances* meant to police officers trained in analyzing the observed conduct for purposes of crime control."  Hollis v. Commonwealth, 216 Va. 874, 877, 223 S.E.2d 887, 889 (1976) (emphasis added).  "[T]he arrest is . . . valid if, based on the facts known to the officer, *objective* probable cause existed as to *any* crime."  Devenpeck v. Alford, 543 U.S. 146, 154-55 (2004); Bass v. Commonwealth, 259 Va. 470, 475, 525 S.E.2d 921, 923 (2000).

Here, it is apparent that Officer Morris had probable cause to arrest appellant for disregarding a signal by a law-enforcement officer to stop in criminal violation of Code § 46.2-817.[5]

This Court views the facts in the light most favorable to the Commonwealth because it is the prevailing party below.  Mills v. Commonwealth, 14 Va. App. 459, 468, 418 S.E.2d 718, 723 (1992).  In addition, when evidence is challenged under the Fourth Amendment, "'ultimate questions of . . . probable cause'" as presented here "involve questions of both law and fact."  McGee v. Commonwealth, 25 Va. App 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc) (quoting Ornelas v. United States, 517 U.S. 690, 691 (1996)).  Thus, appellate courts "give deference to the factual findings of the trial court but independently decide whether, under the applicable law, the manner in which the challenged evidence was obtained satisfies constitutional requirements."  Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004) (citation omitted); Brown v. Commonwealth, 270 Va. 414, 419, 620 S.E.2d 760, 762

---

[5] The trial court also found there was probable cause to arrest appellant for not complying with the duty for drivers to stop and report certain information at accidents in which they are involved (fleeing the scene of an accident) under Code § 46.2-894.  However, because this Court finds probable cause exists that appellant was violating Code § 46.2-817, the Court does not need to address whether there was also probable cause that appellant was violating Code § 46.2-894.

(2005).  When the record below is viewed in that light,  Officer Morris had probable cause to stop and arrest appellant for violating Code § 46.2-817.

### B.  Disregarding an Officer's Signal to Stop

Code § 46.2-817(A) states that

> [a]ny person who, having received a visible or audible signal from any law-enforcement officer to bring his motor vehicle to a stop, drives such motor vehicle in a willful and wanton disregard of such signal or who attempts to escape or elude such law-enforcement officer whether on foot, in the vehicle, or by any other means, is guilty of a Class 2 misdemeanor.

When Officer Morris arrived at the scene and saw appellant's white minivan, Morris brought his police cruiser to a stop and activated the cruiser's blue emergency strobe lights – a plainly obvious and visible signal from a law enforcement officer to stop the minivan.  The blue lights flashing in appellant's rearview mirror as appellant was backing up provided an obvious indication to appellant that Officer Morris was signaling him to stop his vehicle.  Despite Officer Morris's clear signal, appellant only *briefly* stopped after backing up and then *abruptly* accelerated away from the accident scene in violation of Code § 46.2-817.  The video shows the tires of the minivan moving quickly as the van accelerates away from the police cruiser and the accident scene.

In disregard of Officer Morris's prompt pursuit – with his emergency lights continuously activated – appellant continued to drive away from the police cruiser, maintaining a swift speed. Appellant gave Officer Morris absolutely no sign that he would comply with the officer's signal to stop.  The video of this pursuit clearly shows that there were numerous ways appellant *could have* indicated his intention to comply with Officer Morris's signal to pull over:  Appellant could have driven slowly; he could have applied his brakes (thereby illuminating his rear brake light); or he could have put on his turning signal to indicate he was preparing to pull over.  However, appellant provided no such indication to the officer that he would comply with the officer's clear

and obvious signal to stop. Appellant eventually stopped, suddenly and after having driven quickly away from the officer's cruiser.[6]

Probable cause "does not demand any showing that [the officer's] belief be correct or more likely true than false" that a criminal offense had occurred or was occurring. Delong v. Commonwealth, 234 Va. 357, 366, 362 S.E.2d 669, 674 (1987). Thus, this Court need not find that it was "more likely true than false" that appellant was disregarding Officer Morris's signal or attempting to escape or elude Officer Morris; rather, probable cause is a "flexible, common-sense standard" that in the totality of the circumstances would warrant a "person of reasonable caution to believe" that appellant was disregarding Officer Morris's signal or attempting to escape or elude Officer Morris. Carroll v. United States, 267 U.S. 132, 162 (1925); see Jones, 18 Va. App. at 231, 443 S.E.2d at 190. Furthermore, under the probable cause standard, police officers are "not required to possess either the gift of prophecy or the infallible wisdom that comes only with hindsight. They must be judged by their reaction to circumstances as they reasonably appeared to trained law enforcement officers to exist" at that time. Keeter v. Commonwealth, 222 Va. 134, 141, 278 S.E.2d 841, 846 (1981). It is plain that, when viewed in the totality of the circumstances here, there is abundant evidence that appellant was disregarding Officer Morris's signal or attempting to escape or elude Officer Morris. The mounting evidence, which gave Officer Morris probable cause to arrest appellant, includes that appellant initially ignored the signal to stop and that he subsequently took the officer on a pursuit of him at a rather swift rate of speed – without braking to slow down or activating his turning signal to show that he was preparing to pull over. Hollis, 216 Va. at 877, 223 S.E.2d at 889. Therefore, under the

---

[6] The video shows that, while there were trees on either side of the road, there was space on the side of the road for appellant to pull over safely, and there was no traffic blocking appellant from pulling over on the rural road.

totality of the circumstances, there was probable cause for Officer Morris to arrest appellant for disregarding an officer's signal.[7]

### III.  CONCLUSION

In short, the totality of the circumstances sufficiently warranted an officer of reasonable caution to believe appellant was disregarding an officer's signal to stop, in violation of Code § 46.2-817.  Taylor, 222 Va. at 820, 284 S.E.2d at 836.  Thus, the trial court – applying the appropriate probable cause standard for a lawful arrest – did not err in denying appellant's motion to suppress.

It is also obvious that the trial court was addressing the issue of probable cause when it heard arguments from trial counsel that expressly addressed the issue of probable cause and when it made its ruling by indirectly, but clearly finding that probable cause existed for Officer Morris to arrest appellant.  The trial court, thus, did not err in denying appellant's motion to suppress and appellant's motion to reconsider.  Accordingly, for the foregoing reasons, we affirm appellant's conviction for driving under the influence.

Affirmed.

---

[7] It is of no consequence that appellant was not charged with or convicted of violating this statute.  Michigan v. DeFillippo, 443 U.S. 31, 36 (1979); see also Maryland v. Pringle, 540 U.S. 366, 371 (2003) (The validity of a warrantless arrest based on probable cause "does not depend on whether the suspect actually committed a crime.").